[Crim. No. 2048. Second Appellate District, Division Two.—April 17, 1931.]

THE PEOPLE, Respondent, v. CHARLES BROWN, Appellant.

Charles Brown for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—The defendant was charged by an information with the possession of a preparation of morphine containing more than one-fourth grain of morphine to the avoirdupois ounce, and by a second count with the forgery of a prescription by which the preparation was obtained. He was convicted under both counts and sentenced as required by law. He then made a motion to annul, vacate and set aside the judgment, which motion was denied. He prosecutes this appeal from the order denying his motion.

The contentions made by the appellant here are the same as those advanced in support of his motion and may be stated as follows:

(1) A prescription for a narcotic drug is not the subject of forgery—hence count 2 of the information does not charge a public offense.

(2) Count 2 fails to allege an intent to defraud and hence it fails to allege an offense.

(3) Count 1 must fall because the instrument was not and could not have been forged (for reasons assigned above).

(4) The portion of the Poison Law which purports to make it a crime to forge or alter a prescription is unconstitutional because not embraced by the title of the act.

It is immediately apparent that the first three arguments may, for the purpose of our consideration, be grouped together. A portion of section 7 of "An act to regulate the sale and use of poisons in the state of California and providing a penalty for the violation thereof" (Deering's Consol. Supp. 1925–27 to Codes and General Laws, p. 1722, Act 5994) reads as follows: "Any person who shall forge or alter any prescription for any narcotic drugs specified in section 8 of this act or who obtains any such drugs by any forged or altered prescription or who has in possession any such drugs secured by such forged or altered prescription shall upon conviction for the first offense be punished by imprisonment in the county jail or in the state prison for not less than six months nor more than six years, and

for a second or subsequent offense in the state prison for not less than one year nor more than ten years.''

The argument of appellant proceeds upon the assumption that there is no one to be defrauded by the prescription and that in the absence of an intent to defraud there can be no forgery. The assumption, however, is false. We are all cognizant of the fearful consequences which would attend the unregulated sale of poisons and narcotics and conscious of the vital interest of the state in a strict supervision thereof. Contemplating, as we may and ought to do, the crimes committed with diabolical cunning and sometimes with fiendish cruelty, partly to satify the depraved appetite and partly to satiate or excite a disordered mind, we must conclude that any illegitimate and unlawful use of the habit-forming drugs is an injury to and a fraud upon the public as a whole—the state. We have been so prone to think of forgery as defined and denounced in our Penal Code as being an act designed to injure a particular individual or set of individuals that it is not surprising that the appellant has indulged the fallacious assumption. However, we find pertinent language in volume 2, Bishop's New Criminal Law, section 531, as follows: ''If forgery when prejudicial to an individual is indictable, *a fortiori* it may be when tending to the harm of many or the public. Indeed, this is the kind of common law forgery mostly spoken of in the older books.'' The author then lists among the examples the alteration of a matter of record ''or any other authentic matter of a public nature''. We entertain no doubt whatever that a prescription for a poisonous or narcotic drug is the subject of forgery. The intent to defraud is unmistakably made manifest by the act of obtaining the narcotic by means of the false writing. It is alleged that the forged prescription was made use of for that purpose and the drug obtained thereby.

There yet remains the question of whether the title sufficiently comprehends the subject of that portion of the enactment here involved. The entire title of the act as amended in 1927 is: ''An act to amend section seven of an act entitled 'An act to regulate the sale and use of poisons in the state of California and providing a penalty for the violation thereof' approved March 6, 1907, as amended relating to certain narcotic drugs.'' This is ample refer-

ence to the subject of legislation. In *Torson* v. *Fleming,* 91 Cal. App. 168 [266 Pac. 845], we said: "The title must be read not as a limitation upon the authority conferred or as sufficiently defining the power to be given by the act, but as a reference to or skeleton of that which will be found in its body. . . . It is a familiar rule that the constitutional provision requiring the subject of an act to be expressed in its title be liberally construed, for which we only need to cite *Estate of Wellings,* 192 Cal. 506 [221 Pac. 628]. It is also established that where the title is sufficient to suggest to the mind the field of legislation to be occupied the title will not be construed to restrict the act in its operation. (*People* v. *Jordan,* 172 Cal. 391 [156 Pac. 451]; *Hunt* v. *Manning,* 24 Cal. App. 44 [140 Pac. 39].)" The reference in the title to the regulation of sales of poisons and the punishment of violators suggests in no uncertain manner the legislative field to be occupied.

Order affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 2, 1931.